RICHARD R. PATCH (State Bar No. 88049)
GREGG M. FICKS (State Bar No. 148093)
CLINTON L. TODD (State Bar No. 218670)
COBLENTZ, PATCH, DUFFY & BASS LLP
One Ferry Building, Suite 200
San Francisco, California 94111-4213
Telephone: (415) 391-4800
Facsimile: (415) 989-1663
Email:    ef-rrp@cpdb.com
          ef-gmf@cpdb.com
          ef-clt@cpdb.com

Attorneys for Plaintiff and Cross-Defendants
RAFAEL TOWN CENTER INVESTORS

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| RAFAEL TOWN CENTER INVESTORS, LLC, a Delaware Limited Liability Company, <br><br> Plaintiff, <br><br> v. <br><br> THE WEITZ COMPANY, LLC, a Limited Liability Company and successor to THE WEITZ COMPANY, INC., an Iowa Corporation; and DOES 1 through 50, inclusive, <br><br> Defendants. <br><br> AND RELATED COUNTER-CLAIMS | Case No. C 06 6633 SI <br><br> **STIPULATED [PROPOSED] PROTECTIVE ORDER** <br><br> corrected on page 5 |

04846.027.569668v1

Case No. C 06 6633 SI

COBLENTZ, PATCH, DUFFY & BASS LLP
ONE FERRY BUILDING, SUITE 200, SAN FRANCISCO, CALIFORNIA 94111-4213
415.391.4800 · FAX 415.989.1663

COBLENTZ, PATCH, DUFFY & BASS LLP
ONE FERRY BUILDING, SUITE 200, SAN FRANCISCO, CALIFORNIA 94111-4213
415.391.4800 · FAX 415.989.1663

1  Good cause appearing therefore, the Parties and their respective counsel shall follow the

2  procedures set forth below.

3      1.    Definitions.  When used in this Protective Order ("Protective Order"), the words set

4  forth below shall have the following meanings:

5          a.    "Documents" includes, but is not limited to, all papers, photographs, films,

6  recordings, memoranda, books, records, accounts, communications and all retrievable information

7  in computer storage, including that which has been Disclosed in discovery in this Litigation by

8  any person or entity, whether pursuant to formal discovery requests or by agreement.

9          b.    "Discovery Materials" means (i) Documents; (ii) deposition testimony taken

10  in this action, exhibits thereto, and transcripts thereof, whether in writing or on audiotape,

11  videotape or computer disk; (iii) answers to interrogatories, responses to requests to admit, and

12  responses to requests for documents served or filed in this Litigation; and (iv) any other discovery

13  materials Disclosed either by a party or non-party.

14          c.    "Disclose" or "Disclosure" means to produce, reveal, divulge, give, or make

15  available Discovery Materials, or any part thereof, or any information contained therein.

16          d.    "Confidential Information" means any Discovery Materials designated as

17  "Confidential" pursuant to Paragraphs 3, 4, 5, or 6 below.

18          e.    "Producing Party" means the person or entity Disclosing Discovery

19  Materials, its affiliates, and persons and/or entities who are non-parties to this Litigation.

20          f.    "Non-Producing Party" means any Party other than the Producing Party.

21          g.    "Litigation" means the case entitled Rafael Town Center Investors, LLC, a

22  Delaware Limited Liability Company v. The Weitz Company, LLC, a Limited Liability Company

23  and successor to The Weitz Company, an Iowa Corporation, United States District Court,

24  Northern District of California Case No. C 06 6633 SI and all subsequent appeals and retrials.

25          h.    "Party," as used alone and not pursuant to 1(e) or 1(f) above, means Rafael

26  Town Center Investors, LLC, including its affiliates, officers, directors, agents and employees, and

27  the The Weitz Company, LLC, including its affiliates, officers, directors, agents and employees.

28

04846.027.569668v1                                  1                          Case No. C 06 6633 SI
**STIPULATED [PROPOSED] PROTECTIVE ORDER**

1        i.    "Signatory" means any person or entity who signs Exhibit A to this

2  Protective Order.

3        2.    <u>Use of Discovery Materials and Confidential Information</u>. Discovery Materials

4  shall be used solely for the purpose of this Litigation. Except by order of the Court, Discovery

5  Materials shall not be used by any Party or non-party, other than the Producing Party, for any

6  other purpose, including, without limitation, any business or commercial purpose. Confidential

7  Information shall be used only for the purpose of this Litigation, and may be disclosed only as

8  provided in Paragraph 8 below.

9        3.    <u>Confidential Information</u>. Any Producing Party may designate any Discovery

10  Materials "Confidential" if such Producing Party reasonably and in good faith believes that such

11  Discovery Materials contain (a) trade secret information, as that term has been defined under the

12  applicable statutes and case law, or: (b) other proprietary information that would ordinarily be

13  protected from disclosure as confidential under California law, including information involving

14  confidential matters related to the business operations of a Producing or Non-Producing Party of

15  which: public revelation of these matters would interfere with a Producing or Non-Producing

16  Party's ability to effectively compete in the marketplace; if made available to the public, there is a

17  substantial probability that revelation of the Discovery Materials would prejudice the foregoing

18  legitimate interests of a Producing or Non-Producing Party; that the designation is narrowly

19  tailored; and, other than designating the materials "Confidential," no less restrictive means exist to

20  protect a Producing or Non-Producing Party's legitimate proprietary interest. "Confidential"

21  Discovery Materials may include, without limitation, any budgets, operating methods or

22  procedures, financial models, rent models, bids, contracts with third parties, compensation

23  structures, and/or financial results. Discovery Materials designated as "Confidential" shall not be

24  Disclosed to any person or entity except in accordance with the terms, conditions, and restrictions

25  of this Protective Order, as further detailed in Paragraph 7(b) below.

26        4.    <u>"Confidential" Information Produced By Another Person</u>. During the first thirty

27  (30) business days after Disclosure, all Disclosed Discovery Materials shall be treated as

28

COBLENTZ, PATCH, DUFFY & BASS LLP
ONE FERRY BUILDING, SUITE 200, SAN FRANCISCO, CALIFORNIA 94111-4213
415.391.4800 · FAX 415.989.1663

04846.027.569668v1              2              Case No. C 06 6633 SI

**STIPULATED [PROPOSED] PROTECTIVE ORDER**

1  "Confidential," pending consideration by the Non-Producing Parties whether to designate such

2  materials as "Confidential" pursuant to Paragraph 6(b) below. Any Non-Producing Party may

3  designate any Discovery Materials as "Confidential" if such Non-Producing Party in good faith

4  believes that such Discovery Materials contain confidential, proprietary or commercially sensitive

5  information.

6      5.    <u>Procedure for Designating Written Discovery Materials "Confidential."</u> To

7  designate Discovery Materials as "Confidential," the designating Party shall use the following

8  procedures:

9      a.    To designate Discovery Materials as "Confidential," a Producing Party

10  shall, in the case of a document, mark each page of such document with the legend

11  "CONFIDENTIAL"; shall, in the case of a response to an interrogatory or request to admit state

12  such legend in the text of the designated response and shall state on the caption or face page of

13  such response that "THIS DOCUMENT CONTAINS MATERIALS DESIGNATED

14  CONFIDENTIAL"; or shall, in the case of deposition testimony, use the procedures provided in

15  Paragraph 7 below.

16      b.    To designate Discovery Materials as "Confidential," a Non-Producing Party

17  must designate such materials as "Confidential" in writing to counsel of record for all Parties and

18  to the Producing Party, within thirty (30) business days of the Disclosure of the Discovery

19  Materials. Such writing shall, in the case of documents produced in discovery, identify by Bates

20  number the materials to be designated as "Confidential"; and shall, in the case of a response to an

21  interrogatory or request to admit, identify the response document by title and the specific response

22  to be designated.

23      6.    <u>Procedure for Designating Deposition Testimony.</u> With respect to deposition

24  testimony, counsel for any Party or Signatory shall designate that portion of the testimony relating

25  to Confidential Information at the time it is given, by so stating on the record. When testimony is

26  designated during a deposition, any person attending the deposition who is not among those to

27  whom Confidential Information may be Disclosed under the terms of this Protective Order shall

28

COBLENTZ, PATCH, DUFFY & BASS LLP
ONE FERRY BUILDING, SUITE 200, SAN FRANCISCO, CALIFORNIA 94111-4213
415.391.4800 · FAX 415.989.1663

1  leave the deposition room during the designated testimony. If deposition testimony is designated

2  as Confidential Information, the court reporter shall mark each page of the transcript containing

3  Confidential Information with the legend "CONFIDENTIAL" as per the designation stated on the

4  record.

5        7.   <u>Disclosure of Confidential Information</u>. Confidential Information may be

6  Disclosed to the following persons:

7        a.   Experts and consultants not in the regular employ of any of the Parties who

8  are retained or consulted by counsel of record for any Party concerning the Preparation and trial of

9  this Litigation, and the employees of any such expert or consultant who are assisting in the work

10  for which the expert or consultant is engaged, provided that said experts or consultants execute a

11  copy of the Affidavit attached hereto as Exhibit A;

12        b.   Counsel of record for any Party;

13        c.   Paralegal, secretarial, and clerical employees of counsel of record for any

14  Party who are assisting Counsel, Court Reporters or other persons involved in recording or

15  transcribing testimony in this Litigation, and the Court or any persons employed by the Court

16  whose duties require access to any Confidential Information filed in connection with this

17  Litigation, as set forth in Paragraph 10 below;

18        d.   Copy or data management services retained to handle or reproduce

19  Confidential Information in the Litigation;

20        e.   Any witness or any person who in good faith may be considered a potential

21  witness in this Litigation, provided that said witness or potential witness executes a copy of the

22  Affidavit attached hereto as Exhibit A;

23        f.   The Party who has sought discovery of the Confidential Information, and its

24  partners, directors, officers, employees, and insurers, provided that the Party and its partners,

25  directors, officers, employees, and insurers to whom the Confidential Information is Disclosed

26  have executed copies of the Affidavit attached hereto as Exhibit A.

27        8.   <u>Treatment of Confidential Information</u>. A person or entity to whom Confidential

28

COBLENTZ, PATCH, DUFFY & BASS LLP
ONE FERRY BUILDING, SUITE 200, SAN FRANCISCO, CALIFORNIA 94111-4213
415.391.4800 · FAX 415.989.1663

1 Information is Disclosed: (i) shall protect its confidential nature both during the pendency of this

2 Litigation and after its conclusion by final judgment or settlement; (ii) shall never Disclose any

3 Confidential Information to any person other than the persons to whom Disclosure is permitted by

4 this Protective Order; (iii) shall never use any Confidential Information for the benefit of himself

5 or herself, a Non-Producing Party, or anyone else, except for the purpose of this Litigation; and

6 (iv) shall maintain Confidential Information in a secure place where unauthorized Disclosure

7 cannot reasonably be expected to occur. The Parties shall provide each sworn Affidavit executed

8 by such persons to the Court upon its direction. Counsel of record in this Litigation are

9 responsible for employing reasonable measures to control, consistent with this Protective Order,

10 duplication of, access to, and distribution of the Confidential Information.

11    9.    Motions to Seal Confidential Information Filed With the Court. This Protective

12 Order shall not preclude the Disclosure of Confidential Information to the Court having

13 jurisdiction over the Litigation, including the trier of fact at the time of trial or court hearing in this

14 action. To the extent that any Confidential Information is filed or otherwise presented in Court,

15 it shall be pursuant to Civil Local Rule 79-5 ~~the Party offering the Confidential Information shall place such materials provisionally under seal~~

16 ~~and shall notify the Party which designated such Confidential Information that the Confidential~~

17 ~~Information has been filed or otherwise presented in Court. The designating Party may, at its own~~

18 ~~option, move for the filed Confidential Information to be sealed. Upon such motion the Court, in~~

19 ~~exercise of its sound discretion, shall order that the Confidential Information be filed under seal~~

20 ~~upon good cause shown. If no such motion to seal is filed by the designating Party, or if such~~

21 ~~motion is denied, the provisional seal shall be lifted. This Protective Order shall not preclude or~~

22 ~~otherwise affect the offering or receipt of, or objections to, evidence at trial.~~

23    10.   Disposition of Confidential Information After Termination. Upon the final

24 termination of this Litigation in any manner, including, but not limited to, a final judgment or

25 settlement, or, in the case of an appeal, the date when all appeals are resolved, each Party and each

26 Signatory shall ensure that all Discovery Materials containing Confidential Information provided

27 by a Producing Party to a Non-Producing Party, including notes, summaries, extracts or other

28

**STIPULATED [PROPOSED] PROTECTIVE ORDER**

COBLENTZ, PATCH, DUFFY & BASS LLP
ONE FERRY BUILDING, SUITE 200, SAN FRANCISCO, CALIFORNIA 94111-4213
415.391.4800 · FAX 415.989.1663

1   memoranda or writings regarding the contents of any and all Confidential Information, shall be

2   promptly destroyed or returned to the Producing Party, provided, however, that this obligation

3   shall not extend to Confidential Information included in conformed copies of materials filed with

4   the Court. Each Party and each Signatory shall confirm such destruction or disposition in writing

5   within thirty (30) days after termination of the Litigation.

6       11.   <u>No Waiver/No Admission</u>. The failure of a Producing Party to designate any

7   Discovery Material as Confidential Information does not constitute a waiver of such claim. A

8   Producing Party may designate Discovery Material as Confidential Information after the

9   Discovery Material has been Disclosed, with the effect that such Discovery Material is subject to

10   the protections of this Protective Order on and after the date of its designation as Confidential

11   Information. Moreover, complying with the terms of this Protective Order and/or Disclosing or

12   receiving Confidential Information shall not:

13       a.   Operate as an admission that any Confidential Information contains or

14   reflects trade secrets or any other type of confidential information;

15       b.   Prejudice in any way the rights of a Party or Signatory to object to any

16   discovery request or subpoena; or

17       c.   Prejudice in any way the rights of a Party or Signatory to seek a

18   determination by the Court whether any Confidential Information has been properly designated

19   and should be subject to the terms of this Protective Order.

20       12.   <u>Procedure to Challenge "Confidentiality" Designation</u>. A Party receiving

21   documents marked "Confidential" may object to the confidentiality designations at any time prior

22   to thirty (30) days before trial. A period of twenty (20) days will follow thereafter during which

23   time the Parties must "meet and confer" and attempt to resolve the objection and/or objections. If

24   the "meet and confer" process fails to produce agreement on whether or not the documents were

25   appropriately designated "Confidential," the Party seeking confidentiality must then seek an order

26   from the Court regarding the appropriateness of the confidentiality designation, during which time

27   the Discovery Materials will remain "Confidential." Any application to the Court seeking to

28

COBLENTZ, PATCH, DUFFY & BASS LLP
ONE FERRY BUILDING, SUITE 200, SAN FRANCISCO, CALIFORNIA 94111-4213
415.391.4800 · FAX 415.989.1663

1  preserve a Party's designation of "Confidential" documents must be filed and served within twenty

2  (20) days from the expiration of the "meet and confer" period and must be diligently pursued, or

3  the application will be denied as untimely. The Party asserting confidentiality will bear the burden

4  to show that the documents or other information fall within the definition of "Confidential." The

5  Court, if called upon to determine the appropriateness of a confidentiality designation, may be

6  guided by standards for sealing court records as set forth in California Rule of Court 2.550 and

7  judicial interpretations of that rule, as well as other applicable law, including that concerning trade

8  secrets, proprietary and other private or confidential information.

9      13.   Modification of This Protective Order. This Protective Order shall continue to be

10  binding after the conclusion of this Litigation, except that a Party or Signatory may seek a

11  stipulation by all parties hereto or an order of the Court with respect to dissolution or modification

12  of this Protective Order. The Court shall retain jurisdiction to enforce or modify this Protective

13  Order.

14      14.   Compelled Disclosure of Confidential Information. In the event any Party or

15  Signatory is served with a subpoena or request for production of Confidential Information, the

16  Party or Signatory shall give sufficient notice to the Producing Party to allow the Producing Party

17  a reasonable opportunity to intervene to oppose such production. In no event shall a Party or

18  Signatory Disclose Confidential Information in response to a subpoena or other discovery request

19  unless and until the Party or Signatory has: (i) received written authorization from counsel for the

20  Producing Party to Disclose the Confidential Information; or (ii) been ordered to do so by a court

21  of competent jurisdiction.

22      15.   Nothing in this Protective Order shall prevent any party from disclosing its own

23  Confidential Information as it deems appropriate.

24      **SO STIPULATED:**

25

26

27

28

COBLENTZ, PATCH, DUFFY & BASS LLP
ONE FERRY BUILDING, SUITE 200, SAN FRANCISCO, CALIFORNIA  94111-4213
415.391.4800 · FAX 415.989.1663

04846.027.569668v1                    7                    Case No. C 06 6633 SI

1    DATED: March 4, 2007            COBLENTZ, PATCH, DUFFY & BASS LLP

2

3                                    By: _____
                                         Richard R. Patch
4                                        Attorneys for Plaintiff and Cross-Defendants
                                         RAFAEL TOWN CENTER INVESTORS
5
                                     SEYFARTH SHAW LLP
6

7

8                                    By: _____
                                         Michael T. McKeeman
9                                        Attorneys for Defendant and Counterclaimant
                                         THE WEITZ COMPANY, LLC
10          SO ORDERED.

11   Dated: _____ ___, 2007

12                                        _____
                                          United States District Court Judge
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**STIPULATED [PROPOSED] PROTECTIVE ORDER**

COBLENTZ, PATCH, DUFFY & BASS LLP
ONE FERRY BUILDING, SUITE 200, SAN FRANCISCO, CALIFORNIA 94111-4213
415.391.4800 · FAX 415.989.1663

DATED: March ___, 2007         COBLENTZ, PATCH, DUFFY & BASS LLP

By: _____

     Richard R. Patch
     Attorneys for Plaintiff and Cross-Defendants
     RAFAEL TOWN CENTER INVESTORS

SEYFARTH SHAW LLP

By: _____

     Michael T. McKeeman
     Attorneys for Defendant and Counterclaimant
     THE WEITZ COMPANY, LLC

SO ORDERED.

Dated: _____ ___, 2007

_____
United States District Court Judge

COBLENTZ, PATCH, DUFFY & BASS LLP
ONE FERRY BUILDING, SUITE 200, SAN FRANCISCO, CALIFORNIA 94111-4213
415.391.4800 • FAX 415.989.1663

04846.027.569668v1

8

Case No. C 06 6633 SI

**STIPULATED [PROPOSED] PROTECTIVE ORDER**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

COBLENTZ, PATCH, DUFFY & BASS LLP
ONE FERRY BUILDING, SUITE 200, SAN FRANCISCO, CA 94111-4213
(415) 391-4800 • FAX (415) 989-1663

**ATTACHMENT A**

**NONDISCLOSURE STATEMENT**

I, _____, declare that I have read the Stipulated

Protective Order in the action entitled Rafael Town Center Investors, LLC v. The Weitz Company,

LLC, Case No. C 06 6633 SI, pending in the United States District Court, Northern District of

California, and hereby agree to comply with and be bound by its terms and conditions.  I hereby

consent to the jurisdiction of said Court for purposes of enforcing this Order.


Dated: _____       Signed: _____