**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

GOLDEN HOUR DATA SYSTEMS, INC.,      No. C 06-7477 SI

    Plaintiff,      **ORDER RE: DISCOVERY**

  v.

HEALTH SERVICES INTEGRATION, INC.,

    Defendant.
                                     /

        The parties have submitted a discovery dispute to the Court for resolution.[1] The parties dispute whether plaintiff's "Group III requests" are limited to liability,[2] whether defendant's production in response to the "Group I requests" was complete, and whether defendant can refuse to produce confidential documents based on defendant's generalized fear that plaintiff will violate a proposed protective order.

        Defendant has refused to produce any documents in response to the Group III requests. Defendant generally asserts that these requests are not relevant to liability, and relatedly that the requests are overbroad. The Court finds that the requests are generally relevant to liability, but that some of the requests are overbroad as currently drafted. For example, request for production number 10 broadly seeks "all documents and things which refer or relate to the design, development and operation of HSI's products and services." It is difficult to imagine what documents or things would not be covered by this request. The Court finds that request number 34, which seeks "all documents and things which refer

---

[1] The parties' letter briefs are found at Docket Nos. 18 and 20.

[2] At the initial case management conference, the Court directed the parties to limit discovery to liability.

or relate to HSI's customers or users of its products or services, including records of sales to and fees paid by such customers or users for HSI's products and services," is overbroad and not directed at liability.

Aside from these two documents requests, the Court finds that the remainder of the Group III requests are proper, and defendant is ordered to produce responsive documents no later than **June 1, 2007**. Defendant does not address whether its Group I production was incomplete. To the extent that defendant has not fully responded to the Group I requests, the Court orders defendant to supplement its production no later than **June 1, 2007**.

Finally, with regard to the proposed protective order, defense counsel states that he does "not have faith" that the draft order will sufficiently protect his client because, in a separate litigation against a different party, the opposing party violated a protective order with impunity. Whatever may have occurred in some other litigation is wholly irrelevant to this case. Defendant cannot refuse to enter into a protective order – and thus refuse to produce responsive confidential documents – on this basis. The Court orders defendant to further meet and confer with plaintiff regarding a protective order, and the parties shall file a proposed protective order with the Court no later than **May 29, 2007**.

**IT IS SO ORDERED.**

Dated: May 21, 2007

SUSAN ILLSTON
United States District Judge

2