IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GOLDEN HOUR DATA SYSTEMS, INC., | No. C 06-7477 SI |
| Plaintiff, | **ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |
| v. | |
| HEALTH SERVICES INTEGRATION, INC., | |
| Defendant. | |

Defendant has filed a motion for summary judgment of invalidity. Pursuant to Civil Local Rule 7-1(b), the Court determines that the matter is appropriate for resolution without oral argument, and VACATES the May 14, 2008 hearing. The case management conference scheduled for 2:30 p.m. on May 14, 2008 remains on calendar.

**LEGAL STANDARD**

Summary adjudication is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56©.

In a motion for summary judgment, "[if] the moving party for summary judgment meets its initial burden of identifying for the court those portions of the materials on file that it believes demonstrate the absence of any genuine issues of material fact, the burden of production then shifts so that the non-moving party must set forth, by affidavit or as otherwise provided in Rule 56, specific facts showing that there is a genuine issue for trial." *See T.W. Elec. Service, Inc., v. Pac. Elec. Contractors*

*Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). In judging evidence at the summary judgment stage, the Court does not make credibility determinations or weigh conflicting evidence, and draws all inferences in the light most favorable to the non-moving party. *See T.W. Electric*, 809 F.2d at 630-31 (citing *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574 (1986)); *Ting v. United States*, 927 F.2d 1504, 1509 (9th Cir. 1991). The evidence presented by the parties must be admissible. *See* Fed. R. Civ. P. 56(e). Conclusory, speculative testimony in affidavits and moving papers is insufficient to raise genuine issues of fact and defeat summary judgment. *See Thornhill Publ'g Co., Inc. v. GTE Corp.*, 594 F.2d 730, 738 (9th Cir. 1979). Because a patent is presumed valid, invalidity must be established by clear and convincing evidence. *See Takeda Chem. Indus., Ltd. v. Alphapharm Pty., Ltd.*, 492 F.3d 1350, 1355 (Fed. Cir. 2007); *Oakley, Inc. v. Sunglass Hut Int'l*, 316 F.3d 1331, 1339 (Fed. Cir. 2003).

**DISCUSSION**

Plaintiff alleges that defendant is infringing U.S. Patent No. 6,117,073 ("the '073 patent), which was filed on March 2, 1998. The patent is directed to systems and methods for integrating software modules used in connection with emergency medical transportation. Defendant contends that all of the claims of the '073 patent are anticipated and rendered obvious by a single prior art publication: the AeroMed Flight Management Module v. 2.2 Reference Manual (rev. 11/10/92, ©1993) ("FMM Manual"). "A patent is invalid for anticipation if a single prior art reference discloses each and every limitation of the claimed invention." *Schering Corp. v. Geneva Pharms., Inc.*, 339 F.3d 1373, 1377 (Fed. Cir. 2003). "In order to render a claimed apparatus or method obvious, the prior art must enable one skilled in the art to make and use the apparatus or method." *Beckman Instruments, Inc. v. LKB Produkter AB*, 892 F.2d 1547, 1551 (Fed. Cir. 1989).

"Although it is well settled that the ultimate determination of obviousness is a question of law, it is also well understood that there are factual issues underlying the ultimate obviousness decision." *McGinley v. Franklin Sports, Inc.*, 262 F.3d 1339, 1349 (Fed. Cir. 2001). Summary judgment may be appropriate if "the content of the prior art, the scope of the patent claim, and the level of ordinary skill in the art are not in material dispute, and the obviousness of the claim is apparent in light of these

2

factors." *KSR Int'l Co. v. Teleflex Inc.*, 127 S. Ct. 1727, 1745-46 (2007) (citing *Graham v. John Deere Co. of Kansas City*, 383 U.S. 1, 17 (1966)). However, a factual dispute as to any one of these elements will defeat the motion. *See Helifix Ltd. v. Blok-Lok, Ltd.*, 208 F.3d 1339, 1346 (Fed. Cir. 2000).

The Court finds that defendant has failed to meet its burden to show invalidity, and finds instructive *Helifix Ltd. v. Blok-Lok, Ltd.* In *Helifix*, the defendant sought a declaration that the plaintiff's patent was invalid under § 102(b) based on a prior art publication, namely a brochure that was distributed at a trade show. The district court granted the defendant's motion for summary judgment, holding that the plaintiff's patent was anticipated by the brochure. The Federal Circuit reversed, holding that the defendant had not met its evidentiary burden:

> [N]either Helifix nor Blok-Lok presented evidence on how a person of ordinary skill in the art would understand the '93 brochure. The only evidence of record relating to the meaning of the brochure is the testimony of Mr. Paterson, who is both an author of the brochure and an inventor of the claimed method. However, Mr. Paterson testified mainly as to what he intended to convey by the terms used in the brochure; he did not testify as to how a person of ordinary skill in the art would understand the brochure. In any event, Mr. Paterson's testimony is conflicting. . . . In short, on the record before us, there is a genuine issue of material fact as to whether the '93 brochure discloses elements (8)-(10) of the patent claim.

*Id.* at 1347.

Similarly, here neither party has submitted evidence on how a person of ordinary skill in the art[1] would understand the FMM Manual. Instead, defendant cites portions of the FMM Manual and the allegedly corresponding claim language from the '073 patent. For example, defendant argues that the FMM Manual anticipates claim 1 of the '073 patent by describing integrated dispatch and billing modules. Defendant notes that the second element of claim 1 consists of "a second module capable of receiving information from the first module and billing the patient appropriately for costs indicative of

---

[1] Indeed, the parties do not discuss in any detail who would be a person of ordinary skill in the art, except that plaintiff asserts that Charles Freeman, the developer of AeroMed software, is not a person of ordinary skill in the art because his scientific background is greater than that of a person of ordinary skill. In *Helifix*, the Federal Circuit instructed that "[t]he district court should not have constructed the hypothetical person of ordinary skill in the art by determining which persons working in the field of the invention are likely to be familiar with the relevant literature. Instead, the court should have considered the educational level of the inventor; the type of problems encountered in the art; the prior art solutions to those problems; the rapidity with which innovations are made; the sophistication of the technology, and the educational level of workers in the field." *Id*. Because the parties have not addressed these factors, the Court cannot at this time make a determination regarding the type of person who would be a person of ordinary skill in the art.

3

the patient incident, including transportation costs," '073 patent, col. 21:1-4, while the FMM includes a "billing and charge capture" component for receiving information from the DISPATCH module and billing the patient appropriately for costs related to the transportation and care of the patient. *See* FMM Manual at HSI 00412, 00444-48 (Freeman Decl. Ex. A). Based upon this comparison alone, defendant asserts that "[t]his combination of the DISPATCH and billing and charge capture modules described in the AeroMed Manual contains all of the elements of claim 1 of the patent-in-suit." Motion at 7.

While defendant may ultimately be correct that the functions described in the Manual contain all of the elements of the '703 patent, there is nothing in the record showing how a person of ordinary skill in the art would have understood the FMM Manual. Moreover, "[e]ven if the claimed invention is disclosed in a printed publication, that disclosure will not suffice as prior art if it was not enabling." *Helifix*, 208 F.3d at 1347. Defendant has not submitted any evidence, much less clear and convincing evidence, that a person of ordinary skill in the art could, based on the FMM Manual, "practice the invention without undue experimentation." *Advanced Display Systs. v. Kent State Univ.*, 212 F.3d 1272, 1282 (Fed. Cir. 2000); *see also Helifix*, 208 F.3d at 1348 (reversing summary judgment of invalidity because, *inter alia*, "Blok-Lok did not present any evidence indicating that a person of ordinary skill in the art could have made or obtained a tool capable of being used in the claimed method without an undue amount of experimentation").[2]

## CONCLUSION

For the foregoing reasons, the Court hereby DENIES defendant's motion for summary judgment. (Docket No. 40). The Court OVERRULES plaintiff's objections to Mr. Freeman's deposition transcript and documents produced in response to plaintiff's Rule 56(f) discovery requests. Plaintiff has failed to show that defendant violated the Patent Local Rules, or that defendant raised any new issues in the

---

[2] The Court notes that the parties have submitted the deposition testimony of Charles Freeman, the developer of AeroMed software and the author of the FMM Manual. Much of the submitted deposition testimony relates to the issue of Freeman's distribution of the FMM Manual. Freeman also testified that he "dumbed down" the manual since it was intended to be used by nurses and other people with non-technical backgrounds. *See* Berretta Decl. Ex. E at 133. While this testimony does not preclude a finding that the FMM Manual anticipates the '073 patent, this testimony certainly does not establish obviousness by clear and convincing evidence.

4

reply brief.

**IT IS SO ORDERED.**

Dated: May 13, 2008

SUSAN ILLSTON
United States District Judge