IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GOLDEN HOUR DATA SYSTEMS, INC., | No. C 06-7477 SI |
| Plaintiff, | **ORDER GRANTING DEFENDANT'S MOTION FOR LEAVE TO AMEND ANSWER AND PRELIMINARY INVALIDITY CONTENTIONS** |
| v. | |
| HEALTH SERVICES INTEGRATION, INC., | |
| Defendant. | |

Defendant Health Services Integration, Inc. ("HSI") has filed a motion for leave to file a First Amended Answer and amend its Preliminary Invalidity Contentions. The hearing on the motion is currently scheduled for July 2, 2008. Having considered the papers filed by the parties, the Court determines that the motion is suitable for resolution without oral argument and, pursuant to Civil Local Rule 7-1(b), hereby VACATES the July 2, 2008 hearing. The claim construction hearing remains on the July 2, 2008 calendar at 2:00 p.m. For the following reasons, the Court GRANTS defendant's motion.

**BACKGROUND**

Plaintiff Golden Hour Data Systems, Inc. ("Golden Hour") brought suit against HSI, alleging infringement of United States Patent No. 6,117,073 ("the '073 patent"), which was filed on March 2, 1998. Broadly speaking, the patent is directed to systems and methods for integrating software modules used in connection with emergency medical transportation. HSI denied the alleged infringement of the '073 patent, asserted counter-claims against Golden Hour, including invalidity and unenforceability of the patent, and subsequently moved for summary judgment on the patent's invalidity. On May 13, 2008,

the Court denied HSI's summary judgment motion. On May 23, 2008, HSI filed the instant motion.

Final Invalidity Contentions are due September 1, 2008, the current fact discovery cutoff is October 9, 2008 and a jury trial is scheduled to begin April 6, 2009.

**LEGAL STANDARDS**

**I.     Leave to amend answer**

Under Federal Rule of Civil Procedure 15, leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a); *see also Owens v. Kaiser Foundation Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001) ("We have stated that this policy is to be applied with extreme liberality.") (internal quotation marks omitted). Rule 15 embodies a strong federal policy in favor of deciding cases on their merits. Thus, leave to amend is freely given unless the opposing party can establish a factor such as "undue delay, bad faith or dilatory motive on the part of the moving party, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, [or] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 230 (1962); *see also Owens*, 244 F.3d at 712 ("In determining whether leave to amend is appropriate, the district court considers 'the presence of any of four factors: bad faith, undue delay, prejudice to the opposing party, and/or futility.'") (quoting *Griggs v. Pace Am. Group, Inc.*, 170 F.3d 877, 880 (9th Cir. 1999)).

"[T]he nonmovant bears the burden of showing why amendment should not be granted." *Senza-Gel Corp. v. Seiffhart*, 803 F.2d 661, 666 (Fed.Cir.1986). "The single most important factor is whether prejudice would result to the nonmovant." *Id.* (citing cases). "Where there is lack of prejudice to the opposing party and the amended complaint is obviously not frivolous, or made as a dilatory maneuver in bad faith, it is an abuse of discretion to deny such a motion." *Id.* (quoting *Hurn v. Retirement Fund Trust of Plumbing, Heating & Piping Industry*, 648 F.2d 1252, 1254 (9th Cir.1981)).

**II.    Leave to amend invalidity contentions**

The Patent Local Rules provide, in pertinent part: "Amendment or modification of the . . . Preliminary or Final Invalidity Contentions, . . . may be made only by order of the Court, which shall

2

be entered only upon a showing of good cause." Patent L.R. 3-7. "The local patent rules in the Northern District of California . . . requir[e] both the plaintiff and the defendant in patent cases to provide early notice of their infringement and invalidity contentions, and to proceed with diligence in amending those contentions when new information comes to light in the course of discovery. The rules thus seek to balance the right to develop new information in discovery with the need for certainty as to the legal theories." *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1366 (Fed. Cir. 2006). In determining whether a motion for leave to amend invalidity contentions should be granted, this Court has examined such factors as the relevance of the newly-discovered prior art, whether the request to amend is motivated by gamesmanship, the difficulty of locating the prior art, and whether the opposing party will be prejudiced by the amendment. *See Yodlee, Inc. v. CashEdge, Inc.*, 2007 WL 1454259, at *2-3 (N.D. Cal. May 17, 2007).

"Unlike the liberal policy for amending pleadings, the philosophy behind amending claim charts is decidedly conservative, and designed to prevent the 'shifting sands' approach to claim construction." *LG Elecs. Inc. v. Q-Lity Computer Inc.*, 211 F.R.D. 360, 367 (N.D. Cal. 2002). The patent local rules were "designed to require parties to crystallize their theories of the case early in the litigation and to adhere to those theories once they have been disclosed." *O2 Micro*, 467 F.3d at 1366 n.12 (quoting *Nova Measuring Instruments Ltd. v. Nanometrics, Inc.*, 417 F. Supp. 2d 1121, 1123 (N.D. Cal. 2006)).

## DISCUSSION

### I. Leave to amend answer

HSI seeks leave to amend its answer to add inequitable conduct allegations to its unenforceability claim. Specifically, HSI seeks to allege that the named inventors or others involved in the prosecution of the '073 patent ("named inventors"): (1) affirmatively misrepresented to the U.S. Patent and Trademark Office ("PTO") the capabilities of the AeroMed prior art; (2) withheld from the PTO material operational details regarding the AeroMed prior art and the existence of other relevant documents; and (3) withheld from the PTO the fact that Golden Hour's software embodying one or more of the claims was in public use more than one year prior to the '073 patent's application date.

Golden Hour contends that each of HSI's proposed inequitable conduct amendments are futile

because they do not support a finding of inequitable conduct and each would be defeated on summary judgment. Further, Golden Hour contends that HSI unduly delayed in proposing its amendments and fails to demonstrate good cause for this delay.

For the following reasons, the Court finds that neither of Golden Hour's arguments is sufficient to overcome the liberal federal policy in favor of allowing amendment.

### A.    Futility

Golden Hour argues that HSI's proposed amendments would be futile for the following reasons: (1) the affirmative misrepresentation allegation is legally unsustainable because the named inventors met their legal disclosure duty to the PTO and, even if they did not, they lacked deceptive intent; (2) the withholding of operational details and the existence of documents allegation is demonstrably false; and (3) the failure to disclose prior public use allegation is not material under Federal Circuit precedent.

The Court find that each of HSI's proposed amendments is sufficient to satisfy the *prima facie* requirements for inequitable conduct because each adequately pleads either an affirmative misrepresentation of material fact(s) or a failure to disclose material information and the intent to deceive the PTO. As such, each of HSI's proposed amendments is not futile. *See Sweaney v. Ada County*, 119 F.3d 1385, 1393 (9th Cir. 1997) (quoting *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988) ("[A] proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense.") (internal quotation marks omitted). "To hold a patent unenforceable due to inequitable conduct, there must be clear and convincing evidence that the applicant (1) made an affirmative misrepresentation of material fact, failed to disclose material information, or submitted false material information, and (2) intended to deceive the [PTO]. . ." *Cargill, Inc. v. Canbra Foods, Ltd.*, 476 F.3d 1359, 1363 (Fed. Cir. 2007). To the extent that Golden Hour argues that the proposed amendments are futile because the named inventors met their legal disclosure duty and did not withhold operational details or the existence of documents, resolution of this argument would require a factual inquiry inappropriate at this stage. Further, to the extent that Golden Hour argues the futility of the proposed amendments on the basis that the facts or information in question were not material, this argument fails because HSI not is precluded,

4

at this stage, from *alleging* the materiality of the facts or information. Lastly, to the extent that Golden Hour argues that the proposed amendments are futile because HSI cannot show the intent to deceive the PTO, again, resolution of this argument would require a factual inquiry inappropriate at this juncture. Whether HSI is ultimately able to provide the requisite clear and convincing evidence to prove its allegations of inequitable conduct is a question for another day, after the close of discovery. HSI's proposed amendments, on their face, are not futile.

### B. Other factors: undue delay, prejudice and bad faith

Golden Hour also argues that HSI unduly delayed in proposing these amendments and cannot demonstrate good cause for the delay because the allegations are not based on new evidence and could have been made well before HSI's Preliminary Invalidity Contentions were due in December 2007.[1] The parties agree that HSI discovered the AeroMed Software manuals in August 2007 and, shortly thereafter, HSI disclosed to Golden Hour that it believed the '073 patent was unenforceable because Golden Hour made misleading statements and failed to fully disclose information about the AeroMed Software product.[2] Further, the parties agree that Golden Hour timely disclosed documents detailing its pre-bar date sales on October 31, 2007. Golden Hour does not articulate how it will be prejudiced by the amendment. As such, although HSI could have moved to amend more expeditiously, the Court is unpersuaded that this is reason enough to deny HSI leave to amend its pleading, particularly in the absence of any prejudicial impact on Golden Hour. *See Howey v. United States*, 481 F.2d 1187, 1190-91 (9th Cir. 1973) ("Where there is a lack of prejudice to the opposing party and the amended complaint is obviously not frivolous, or made as a dilatory maneuver in bad faith, it is an abuse of discretion to deny such a motion.") Here, the discovery cut-off remains more than three months away and trial is not

---

[1] Golden Hour suggests that, apparently based on what it perceives to be a lack of merit in HSI's claims, HSI proposes its amendments in bad faith. However, Golden Hour fails to substantiate or further articulate this contention and the Court finds no evidence of bad faith or delay tactic in HSI's proposed amendments.

[2] HSI made the allegation of unenforceability in general terms in its answer filed on January 30, 2007. HSI explicitly stated the allegation in more specific terms by making claims of inequitable conduct in its motion for summary judgment of invalidity filed February 28, 2008 and denied May 13, 2008.

5

scheduled to begin for more than nine months. Accordingly, the Court GRANTS HSI's motion for leave to file a First Amended Answer.

## II.     Leave to amend invalidity contentions

HSI seeks leave to amend its Preliminary Invalidity Contentions to reflect (1) documents recently produced by Charles Freeman, owner of Innovative Engineering and inventor of the prior art AeroMed Software product, that describe the AeroMed Software with a ProPaq interface and with a Comm Server and (2) statements regarding enablement Golden Hour recently made that implicate the scope and content of the '073 patent. Golden Hour contends that HSI fails to show good cause for amending its invalidity contentions because (1) HSI was always able to obtain documents and information from Freeman and, alternatively, Golden Hour would be prejudiced by an allowance of HSI's amendment at this juncture; and (2) HSI always possessed all the information it needed to make its contentions regarding lack of enablement.

### A.     Amended contentions based on the Freeman documents and information

HSI argues that there is good cause to amend its Preliminary Invalidity Contentions because its amended contentions relate principally to the discovery obtained from Freeman in February, March and April 2008, which was after HSI's December 14, 2007 deadline for filing Preliminary Invalidity Contentions. Golden Hour argues that HSI was always able to obtain documents and information from Freeman and that HSI's lack of diligence caused the delay in production. Further, Golden Hour contends that it would be prejudiced if the Court allows HSI to add the AeroMed Software to its contentions at "this late date," *see* Pl.'s Opp'n at 16, and that the Court's allowance of these amended contentions would thwart the goal of "full, timely disclosure," *see id.*

The Court finds that good cause to amend exists here for several reasons. First, HSI obtained the newly uncovered prior art during discovery and, as the prior art appears to be relevant to the merits of the case, it would be unjust for such information "to be avoided on the basis of . . . mere technicalities," *Foman*, 371 U.S. at 182; *see also O2 Micro*, 467 F.3d at 1366 (it is "certainly correct that refusing to allow any amendment to contentions based on new information developed in discovery

6

could be contrary to the spirit of the Federal Rules [of Civil Procedure]."). Moreover, "'[t]he Federal Rules. . .accept the principle that the purpose of pleading is to facilitate a proper decision on the merits.'" *Foman*, 371 U.S. at 181-82 (quoting *Conley v. Gibson*, 355 U.S. 41, 48 (1957)). The Court does not find any lack of diligence *per se* in how HSI conducted discovery. Discovery was initially limited and HSI did not learn of the AeroMed Software's full capabilities until December 2007, after which HSI diligently attempted to obtain the pertinent production from Freeman.

Second, even though the patent local rules reflect a more conservative approach to amendment than the liberal policy for amending pleadings, the rationale for that conservative approach is not threatened here. The Patent Local Rules were designed, among other reasons, to prevent the parties from shifting their theories late in discovery, leaving the opposing party with little time to conduct discovery on a new theory. *See O2 Micro*, 467 F.3d at 1365. HSI's amended contentions are based principally on the Freeman documents and information, which were not produced until February, March and April 2008. There is no indication that gamesmanship motivated HSI's decision to wait until this juncture to supplement its Preliminary Invalidity Contentions. Further, as HSI's amendments do not raise new issues but instead merely supplement its initial contentions, Golden Hour was already on notice regarding the substance of HSI's proposed amendments. Moreover, as noted above, HSI's amended contentions do *not* leave Golden Hour with little time to conduct discovery, as an additional three months remain in the fact discovery period. As expert discovery has not yet begun, Golden Hour's experts will have the opportunity to consider the amended contentions. The Court finds that Golden Hour will not be prejudiced by the amended contentions.

### B. Amended contentions regarding lack of enablement

HSI also argues that there is good cause for allowing it to supplement its Preliminary Invalidity Contentions with additional contentions regarding lack of enablement of the '073 patent because Golden Hour did not take the position until filing its April 18, 2008 opposition to HSI's motion for summary judgment that (1) the disclosure in the prior art AeroMed manuals was not enabling and (2) the '073 patent's claims require the automatic collection of transportation tracking information despite, as HSI alleges, not describing this process. Golden Hour contends that HSI has not demonstrated good cause

7

because there was nothing preventing HSI from developing its enablement theories from the day Golden Hour filed its suit.

Importantly, Golden Hour appears to concede and the Court finds that, whether HSI *could have* raised these contentions at an earlier date, Golden Hour will not suffer substantial prejudice as a result of HSI's filing of its proposed amendments directed to lack of enablement. Lastly, the Court notes that the parties' dispute on the merits of whether HSI should be *allowed* to assert lack of enablement based on Golden Hour's argument at summary judgment that the prior art (the AeroMed manuals) was not enabled is more appropriate for a later stage of the case, when the parties will have the opportunity to argue on the merits, rather than merely pleading positions, as now. In preference for deciding this case on its merits, rather than on procedural grounds, the Court GRANTS HSI's motion for leave to supplement its Preliminary Invalidity Contentions.

## CONCLUSION

For the foregoing reasons, the Court GRANTS HSI's motion for leave to file a First Amended Answer and amend its Preliminary Invalidity Contentions. HSI shall file these amendments on or before July 7, 2008. [Docket No. 68]

**IT IS SO ORDERED.**

Dated: July 1 , 2008

SUSAN ILLSTON
United States District Judge